COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



# ORDER OF ABATEMENT AND
# ORDER TO AMEND CERTIFICATION

Appellate case:      No. 01-12-00967-CR; *Richard Dennis Harris v. The State of Texas*
Trial court case:     No. 1289692, in the 338th District Court of Harris County, Texas

The Rules of Appellate Procedure require that a certification from the trial court of the appellant's right to appeal be filed in every criminal case in which it enters a judgment or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2).

According to the clerk's record in the above-referenced appeal, appellant pleaded guilty to the offense of driving while intoxicated (second offender), pursuant to an agreement with the State. Appellant received a sentence of one year in the county jail, but the trial court suspended the sentence and placed appellant on community supervision for eighteen months. Subsequently, appellant filed an application for a writ of habeas corpus. The trial court denied the application, and appellant has appealed that denial.

The certification of appellant's right to appeal, however, is blank, other than the trial court judge's signature. None of the boxes that may be checked to indicate the circumstances of this case are checked. Neither appellant not appellant's counsel signed the certification. A certification is "defective" if it is correct in form, but, as here, inaccurate when compared with the record. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). We must dismiss an appeal unless a certification that is consistent with the record and that shows that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(d). The rules provide that a certification may be amended to correct a defect or omission. *See* TEX. R. APP. P. 37.1; *Dears*, 154 S.W.3d at 614–15.

Accordingly, we direct the trial court to prepare and file a certification of appellant's right to appeal that complies with Rule 25.2(a)(2).[1] The amended certification must be included in a supplemental clerk's record and be filed in this Court **no later than March 15, 2013**. Additionally, we order the Harris County District Clerk's Office to include the trial court's amended certification of right of appeal in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(c).

The appeal is abated, treated as a closed case, and removed from this Court's active

---

1      Rule 25.2(d) of the Texas Rules of Appellate Procedure states that the certification "shall be signed by the defendant, with a copy given to him." In the event the appellant is incarcerated and the court is conducting this hearing through closed circuit television, the court may obtain appellant's signature on the certification through documents transmitted by mail, fax or e-mail. Alternatively, the trial court may comply with the notice requirements in Rule 25.2(a)(2) by video teleconference, the contents on the certification of right to appeal form that has been signed b the trial court judge may be read to appellant to personally advise him of the contents within the form. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court with the supplemental clerk's record. The trial court is not limited to these options to satisfy Rule 25.2(d).

docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record that complies with this order is filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Justice Huddle
                ☑ Acting individually    ☐ Acting for the Court

Panel consists of _____

Date: February 13, 2013

2